**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,
Gabriel Ojukwu; and, Shawnequa Ojukwu

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL OJUKWU; AND, SHAWNEQUA OJUKWU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>Defendant. | **Case No.:** '17CV2506 LAB AGS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' PUTATIVE CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Case No.:                                                                          *Ojukwu et al. v. I.Q. Data International*
**PLAINTIFFS GABRIEL OJUKWU AND SHAWNEQUA OJUKWU'S CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA AND THE RFDCPA**

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. GABRIEL OJUKWU ("Mr. Ojukwu") and SHAWNEQUA OJUKWU ("Ms. Ojukwu"), jointly referred to as "Plaintiffs," bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of IQ DATA INTERNATIONAL, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by the Plaintiffs, in violation of the California State debt collection laws.

4. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiffs are natural persons who reside in the City of Chula Vista, County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and, a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

14. Plaintiffs are informed and believe, and thereon allege, that Defendant is a corporation headquartered in the City of Bothell in the state of Washington.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5); and Cal. Civ. Code § 1788.2(f);

17. Defendant regularly sends out notices to consumers alleging that debts are due and that payment must be made in order to avoid legal actions such as (i) a lawsuit; (ii) costly hourly attorney fees; and (iii) court filing fees/costs.

18. Defendant sent such a notice to each named Plaintiff in this case on or about October 16, 2017 and November 14, 2017.

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiffs are individuals residing within the State of California and within this judicial district.

20. At all times relevant, Defendant conducted business in the State of California.

21. Prior to October 16, 2017, Plaintiffs allegedly incurred financial obligations to the original creditor, Avila Apartments.

22. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before October 16, 2017, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of the alleged debt.

24. On some date prior to October 16, 2017, Defendant purchased and/or was assigned Plaintiffs' alleged debt.

25. On or about October 16, 2017, Defendant sent or caused to be sent a dunning letter, dated October 16, 2017, to both Plaintiffs.

26. This letter constitutes "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

27. Defendant's letter dated October 16, 2017, contained numerous false, deceptive and/or misleading statements in violation of the FDCPA and the RFDCPA.

28. On or about November 14, 2017, Defendant sent or caused to be sent a second dunning letter, dated November 14, 2017.

29. These letters constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

30. Defendant's letter dated October 16, 2017, contained numerous false, deceptive and/or misleading statements in violation of the FDCPA and the RFDCPA.

31. Defendant's October 16. 2017, written communication stated that Plaintiff owed $2,031.18 with $128.11 of that total being interest. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

32. Defendant's November 14, 2017, written communication stated that Defendant was "advising [Plaintiffs] of [Defendant's] intent to file a lawsuit against [Plaintiffs] in an attempt to secure a judgment," yet Defendant had not filed a lawsuit against Plaintiffs as of the commencement of this action as Defendant did not intend to file a lawsuit against Plaintiffs.

33. Through this conduct, Defendant created a false sense of urgency and threatened to file a lawsuit without the intention of bringing legal action against Plaintiffs in violation of 15 U.S.C. § 1692d which prohibited Defendant from engaging in any conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations by creating a false sense of urgency with which Plaintiffs were required to act. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of Plaintiffs' alleged debt as one that was the subject of Defendant's lawsuit. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that Defendant did not intend to take against Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

38. Furthermore, Defendant's November 14, 2017, letter stated that Plaintiff owed $375.00 in Attorney Fees and $225.00 in Court/Filing Fees.

39. Through this conduct, Defendant falsely asserted that as of November 14, 2017, Plaintiffs' owed Attorney Fees and Court/Filing Fees in violation of 15 U.S.C. § 1692d which prohibited Defendant from engaging in any conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant falsely asserted that as of November 14, 2017, Plaintiffs' owed Attorney Fees and Court/Filing Fees in violation of 15 U.S.C. § 1692d which prohibited Defendant from engaging in any conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations by falsely implying that Defendant was entitled to Attorney Fees and Court Filing Fees/Costs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of Plaintiffs' alleged debt as one that was the subject of Defendant's lawsuit. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that Defendant did not intend to take against Plaintiffs. Such lack of intent is evidenced based upon the fact that no lawsuit has been filed against Plaintiffs with regard to Plaintiffs' alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

45. This letter also gave the impression that Defendant could collect "Attorney Fees" and "Court Filing Fees" from Plaintiffs when, in fact, Defendant could only collect said attorney fees from Plaintiffs in the event that Defendant successfully prosecuted Plaintiffs in a judicial proceeding.

46. Since Defendant failed to disclose the conditions antecedent required prior to Defendant's collection of "Attorney Fees" and "Court Filing Fees," Defendant violated 15 U.S.C. § 1692d. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

47. Plaintiffs bring this action on their own behalf, and on behalf of all others similarly situated.

48. Plaintiffs define the "FDCPA Class" as:

   (i) all persons with addresses within the United States; (ii) who were sent a written communication(s) by Defendant that was substantially similar or identical to Plaintiffs' Exhibit 1; (iii) to recover a consumer debt; (iv) who did not at that time have a judgment against them by Defendant; (iv) which was not returned undelivered by the United States Postal Service; (v) within one year prior to the filing of the Complaint in this action.

49. Plaintiffs define the "RFDCPA Class" as:

   (i) all persons with addresses within California; (ii) who were sent a written communication(s) by Defendant that was substantially similar or identical to Plaintiffs' Exhibit 1; (iii) to recover a consumer debt; (iv) who did not at that time have a judgment against them by Defendant; (iv) which was not returned undelivered by the United States Postal Service; (v) within one year prior to the filing of the Complaint in this action.

50. "The Classes" shall jointly refer to the FDCPA Class; and, RFDCPA Class.

51. Defendant and their employees or agents are excluded from the Classes.

52. Plaintiffs do not know the exact number of persons in the Classes, but believe them to be in the several hundred, making joinder of all these actions impracticable.

53. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

54. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

    a) Whether Defendant violated the FDCPA by sending a letter substantially in the form of Exhibit 1 to the members of the Classes;

    b) Whether members of the Classes are entitled to the remedies under the FDCPA;

    c) Whether Defendant violated the RFDCPA by sending a letter substantially in the form of Exhibit 1 to the members of the Classes;

    d) Whether members of the Classes are entitled to the remedies under the RFDCPA;

    e) Whether Defendant may satisfy the bona fide error affirmative defense;

    f) Whether members of the Classes are entitled to declaratory relief;

    g) Whether members of the Classes are entitled to injunctive relief;

    h) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and

    i) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA.

55. Plaintiffs will fairly and adequately protect the interest of the Classes.

56. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

57. Plaintiffs' claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

58. A class action is a superior method for the fair and efficient adjudication of this controversy.

59. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

60. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA; and, Rosenthal Act is $1,000 each. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

61. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

62. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

63. Plaintiffs request certification of a hybrid class for monetary damages and injunctive relief.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

64. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

66. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

# COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

67. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

69. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

Case No.:                    11 of 12                *Ojuwku et al. v. I.Q. Data International*
**PLAINTIFFS GABRIEL OJUKWU AND SHAWNEQUA OJUKWU'S CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA AND THE RFDCPA**

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: December 13, 2017                                              Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
        MATTHEW M. LOKER, ESQ.
        ATTORNEY FOR PLAINTIFFS